UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  24-CR-80093-MIDDLEBROOKS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

JAMES NICHOLS,
    Defendant.
_____/

# DEFENDANT'S MOTION FOR DOWNWARD VARIANCE & SENTENCING MEMORANDUM

The Sentencing Guidelines recommend a sentence of 240 months – the statutory maximum for Mr. Nichols' offense of conviction. The Sentencing Commission developed the applicable guideline, section 2G2.2, in response to Congressional directives rather than empirical study. As a result, it fails to distinguish between the least and worst non-production offenders causing judges both locally and nationally to impose below-guideline sentences more than 60 percent of the time. Mr. Nichols asks this Court consider the well-known problems with the guideline, the unwarranted disparity a guideline sentence would create in light of what most judges do in these cases, and his own history and characteristics and sentence him below the guideline range.

**A. The sentencing guideline for non-production, child pornography offenses fails to distinguish between the least and worst offenders.**

While this Court must properly calculate an advisory guideline range, it may reject that range "based on a policy disagreement" with the particular guideline at

1

issue. *Spears v. United States*, 555 U.S. 261, 264 (2009); *see also Kimbrough v. United States*, 552 U.S. 85, 109 (2007). Here, this Court should categorically reject application of section 2G2.2 because it enhances guideline ranges based on speculation of legislators rather than the data-driven analysis of the Sentencing Commission's nationwide empirical study of criminal sentencing. *See* United States Sentencing Commission, *Report to Congress: Federal Sentencing of Child Pornography Non-Production Offenses*, 68 (2021) ("Report")(finding section 2G2.2 "is largely the result of statutory mandatory minimum penalties, congressional directives to the Commission, and direct amendments to the guideline by Congress in the Protect Act of 2003"); *see also United States v. Beiermann*, 599 F.Supp.2d 1087, 1100 (N.D. Iowa 2009)(citing multiple district court cases for the same proposition).

Moreover, section 2G2.2 fails to achieve "proportionality in sentencing through a system that imposes appropriately different sentences for criminal conduct of differing severity." U.S.S.G. § 1A1.3. The Guidelines attempt to achieve this proportionality goal by enhancing an offender's base offense level using specific offense characteristics (SOC) meant to distinguish between the least and worst offenders. However, the SOCs in section 2G2.2 cases fail to distinguish between offenders because they are common in most cases. Report at 18-19 (finding "non-production child pornography offenses are unique because of the number of specific offense characteristics that apply to the vast majority of offenders sentenced under § 2G2.2" and, as such the guideline "failed to meaningfully distinguish between more culpable and less culpable offenders.").

Mr. Nichol's case illustrates the point. He received two-level increases for prepubescent minor [PSR ¶ 39] and use of a computer [PSR ¶ 42], SOCs the Commission found present in more than 95% of non-production cases. Report at 19. He also received a four-level enhancement for possessing material that portrayed sadistic or masochistic conduct, other depictions of violence, or abuse of an infant or toddler [PSR ¶ 41], and five additional levels because he possessed more than 600 images [PSR ¶ 43]. The Commission found these enhancements present in 89.6% and 97% of distribution cases, respectively. Report at 19.

Although these enhancements do not achieve the Commission's goal to distinguish between offenders, they do have significant consequences. In Mr. Nichol's case, his offense level jumps 13 levels resulting in a guideline range increase of more than 400% (from 63-78 months to 262-327 months).[1] This failure to achieve proportionality while arbitrarily increasing the advisory sentence should concern this Court.

**B. Because courts routinely impose below-guideline sentences in non-production cases, a guideline sentence here would create an unwarranted sentencing disparity.**

In fiscal year 2019, the Sentencing Commission found district courts sentenced 59% of all non-production offenders and 65% of distribution offenders in particular below their guideline range. Report at 24. With an average sentence of 103 months for non-production offenders and 135 months for distribution offenders, judges nationwide routinely sentence these offenders well below the 240 months the

---

[1] The statutory maximum capped the Mr. Nichols' guideline range at 240 months.

guidelines recommend in this case. Report at 20. In fact, between 2015 and 2023, judges in the Southern District of Florida imposed below-guideline sentences in more than 60% of section 2G2.2 cases.[2]

Judges here have also varied downward significantly even in distribution cases like this one. In *United State v. Christopher Riley*, 09-CR-20221-JLK, Judge King sentenced the defendant to 60 months imprisonment where he, like Mr. Nichols, engaged in online communication with an undercover officer believing he was communicating with a single mother of a 10-year old girl. Riley sent images of prepubescent girls engaging in sexual acts to the undercover officer and, upon receipt of an image he thought was the undercover's daughter, indicated he would "love to f—k her." The government had recommended a sentence at the bottom of Riley's guideline range – 210 months.

In *United States v. Diego Matrait*, 12-CR-20343-RNS, Judge Scola sentenced the distribution defendant to 120 months despite a guideline range of 210-262 months, a government recommendation for a guideline sentence, and the defendant's admission to producing child pornography. Federal agents executed a search warrant at his home after he distributed images to an undercover agent with whom he had

---

[2] Undersigned counsel used the Sentencing Commission's Interactive Data Analyzer found at https://ida.ussc.gov/analytics/saw.dll?Dashboard to make this determination. To access the specific data, from the top ribbon menu, select "Guideline Application" hyperlink, then select "Sentences Relative to Guideline Range." From there, use the "Geography" filter to select "11th Circuit" and "Florida, Southern District" and the "Primary Guideline" filter to select § 2G2.2. Then scroll down to the *Sentences Imposed Relative to Guideline Range* data table for raw numbers and percentages.

been chatting. He confessed to inviting children to his home for professional photoshoots and then surreptitiously recording them as they undressed in preparation for the shoot. Agents found 26 web cam videos of young children with their genitalia exposed and 14 more depicting prepubescent boys engaged in masturbation or oral sex. Matrait said he used them to masturbate.

Despite a guideline range of 151-188 months, Judge Scola also sentenced Shawn Beauvais to just 75 months' imprisonment after he distributed images through a peer-to-peer network, possessed more than 1,700 videos and 4,000 images – many involving infants, toddlers, and sadomasochism – and admitted to chatting online with other pedophiles about sexually molesting children. *United States v. Shawn Beauvais*, 12-CR-60067-RNS. There, the government conceded a variance was appropriate, but requested 121 months.

These cases and the Sentencing Commission data make clear that, in non-production, child pornography cases, guideline sentences are simply not the norm even where the defendant engaged in distribution. As such, sentencing Mr. Nichols within the guideline range would create an unwarranted disparity with similarly situated offenders. Rather than reflexively apply a guideline so widely condemned as unduly severe and so often rejected by district courts, Mr. Nichols asks this Court place little weight on the advisory guideline range and instead rely on other 3553 factors, like his history and characteristics, to determine an appropriate sentence.

### C. Mr. Nichols has long suffered from significant mental illness.

Where a defendant's mental illness distinguishes his case from the typical case

5

covered by the Guidelines, a below-guideline sentence may be appropriate. U.S.S.G. § 5H1.3. Mr. Nichols presents just such a case.

Mr. Nichols was four years old the first time he received a mental health diagnosis. By age 10, he had attempted suicide in at least three different ways and doctors had twice hospitalized him because of mental illness. He struggled in school, fought with peers and family, and spent two of his teenage years in foster care. His mental health diagnoses have included bipolar disorder, schizophrenia, affective psychosis, attention-deficit disorder, oppositional defiant disorder, and obsessive-compulsive disorder.

Dr. Sheila Rapa, a forensic psychologist with whom this Court is familiar, recently opined Mr. Nichols has been repeatedly misdiagnosed. She believes that his mother's abuse of LSD and cocaine while pregnant with him caused permanent and irreparable brain damage. Dr. Rapa diagnosed him with Neurodevelopmental Disorder associated with Prenatal Alcohol/ Drug Exposure (ND-PAE) and Asperger's Disorder.[3]

Significantly, both of these disorders affect Mr. Nichols' ability to process information, particularly as it relates to communication and social cues. Dr. Rapa believes these deficits will make Mr. Nichols more vulnerable to victimization as he serves his prison sentence, which in turn will make his sentence more punitive than it might be for someone without these diagnoses. This Court should consider Mr. Nichols mental illness in determining an appropriate sentence.

---

[3] Dr. Rapa's report details her findings and will be filed under seal.

## CONCLUSION

While "[m]ercy is seldom included on the list of "traditional" rationales for sentencing," section 3553 evinces Congress' intent – this Court should impose the "lowest possible penalty consistent with the goals of sentencing." *United States v Blarek*, 7 F.Supp.2d 192, 210 (E.D.N.Y. 1998); *See also* 18 U.S.C. §3553(a). "The notion that undue harshness should be avoided by those sitting in judgment has long been a part of the human fabric and spirit. Lenity is often the desirable route." *Id*. Here, Mr. Nichols prays this Court will find that, "mercy bears richer fruit than strict justice"[4] and impose a sentence below the advisory guideline range.

WHEREFORE, the Defendant, JAMES NICHOLS, respectfully requests this Court grant this motion for a downward variance.

Respectfully submitted,

HECTOR DOPICO
FEDERAL PUBLIC DEFENDER

*s/Scott Berry*
Scott Berry, B.C.S.
Assistant Federal Public Defender
Attorney for Defendant
Bar Number: 0525561
250 South Australian Avenue
Suite 400
West Palm Beach, Florida 33401
Phone: (561) 833-6288
Email: scott_berry@fd.org

---

[4] Abraham Lincoln.

**CERTIFICATE OF SERVICE**

  I HEREBY certify that on December 4, 2024 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

             s/ *Scott Berry*
             Scott Berry